842 F.2d 1289
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Earl BIRCHFIELD, Petitioner,
v.
WESTMORELAND COAL COMPANY, Respondent,
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Party-in-interest.
 No. 87-3625.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 25, 1988.
Decided March 11, 1988.
 
 Richard G. Rundle, for petitioner.
 Laura E. Beverage; Jackson, Kelly, Holt & O'Farrell, for respondent.
 Before K.K. HALL and WILKINS, Circuit Judges, and BRITT, Chief United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Earl Birchfield petitions for review of an order of the Benefits Review Board ("BRB") denying his application for benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. Finding the decision to deny benefits supported by substantial evidence, we affirm.
 
 
 2
 Birchfield is a former coal mine employee who filed a claim for black lung disability benefits on January 23, 1979, and was initially awarded benefits by the Department of Labor on June 6, 1980. The employer, Westmoreland Coal Company, filed a controversion and a hearing was held before an administrative law judge ("ALJ") on June 19, 1984. The ALJ ruled that Birchfield had failed to invoke the interim presumption under the interim regulatory standards at 20 C.F.R. Sec. 727.203(a) and rejected the claim for benefits. Birchfield appealed to the BRB which affirmed the ALJ's decision, and this appeal followed.
 
 
 3
 The medical evidence before the ALJ included a series of six x-rays which were read as positive for pneumoconiosis by five doctors and read as negative by twelve doctors. Results of four pulmonary function tests and blood gas studies were submitted, only one of which qualified under the regulations to invoke the interim presumption.[1] Of the three physicians who examined Birchfield, none found him to be totally disabled due to coal workers' pneumoconiosis.
 
 
 4
 Birchfield contends that the ALJ should have invoked the interim presumption on the basis of the five positive x-ray readings and erred by weighing the x-ray evidence. Birchfield relies on this Court's holding in Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986), that a single qualifying positive x-ray is sufficient to invoke the interim presumption of disability. However, this reliance is misplaced. The Supreme Court recently reversed this holding of Stapleton in Mullins v. Director, --- U.S. ----, 108 S.Ct. 427 (1987), reh'q denied, --- U.S. ---- (January 25, 1988). It is clear now that it is proper for an ALJ to weigh all evidence in each category prior to invoking the interim presumption of disability due to coal workers' pneumoconiosis.
 
 
 5
 Upon consideration of the record and briefs[2] we find that the ALJ's decision is supported by substantial evidence. We therefore affirm the decision of the BRB denying Birchfield's claim.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 A resting arterial blood gas study performed on January 21, 1980, was qualifying under the regulations. However, after exercise the blood gas study was normal
 
 
 [2]
 The facts and legal arguments are adequately presented in the briefs and the record. The decisional process would not be significantly aided by oral argument. Accordingly, we dispense with oral argument pursuant to Rule 34(a), F.R.A.P., and Local Rule 34(a)